

# ROBIN L. HOOTER
### CLERK OF COURT ✣ RAPIDES PARISH
P. O. Box 952, Alexandria, Louisiana 71309

Phone (318) 473-8153     Fax (318) 473-4667     Civil Fax (318) 619-5877
www.rapidesclerk.org

CITATION                                    NO. 255,705     B

KENNETH L PEREGO II ET AL                   || NINTH JUDICAL DISTRICT COURT
VERSUS                                      || PARISH OF RAPIDES
ACADIA HEALTHCARE COMPANY INC ET AL         || STATE OF LOUISIANA

TO: ACADIA HEALTHCARE COMPANY INC
    DBA LONGLEAF HOSPITAL 44 VERSAILLES BLVD
    ALEXANDRIA LA   71303-0000
    RAPIDES PARISH

   YOU ARE HEREBY SUMMONED TO COMPLY WITH THE DEMAND CONTAINED IN THE PLEADING(S) FILED IN THE ABOVE ENTITLED
AND NUMBERED CAUSE, A DULY CERTIFIED COPY IS ATTACHED AND TO BE SERVED, OR FILE YOUR ANSWER OR OTHER PLEADINGS
IN THE OFFICE OF THE CLERK OF THE NINTH JUDICIAL DISTRICT COURT, RAPIDES PARISH, CITY OF ALEXANDRIA, WITHIN
FIFTEEN(15) DAYS AFTER SERVICE HEREOF.  YOU MAY FILE YOUR WRITTEN ANSWER OR PLEADING IN PERSON OR BY MAIL.
IF YOU FILE BY MAIL, THE PLEADING MUST BE RECEIVED BY THE 15TH DAY.  YOUR FAILURE TO COMPLY WILL SUBJECT YOU
TO THE PENALTY OF ENTRY OF DEFAULT JUDGMENT AGAINST YOU.

   WITNESS THE HONORABLES, THE JUDGES OF SAID COURT, AT ALEXANDRIA, LOUISIANA,
THIS  4TH DAY OF MAY,  2016.

THE FOLLOWING PLEADINGS ARE ATTACHED FOR SERVICE: PETITION FO RDAMAGES/REQUEST FOR TRIAL,
BY JURY.

                                                          ROBIN L. HOOTER
                                                          Clerk of Court

JIMMY R FAIRCLOTH JR
105 YORKTOWN DRIVE
ALEXANDRIA LA   71303-0000                BY _____
Filing Attorney                                Deputy Clerk of Court

                                      SHERIFF STAMP BELOW
                                      ------------------------

0222042                                    805



EXHIBIT A

CIVIL SUIT NO. 255,705
DIVISION B

KENNETH L. PEREGO, II, individually
and on behalf of his minor son,
KENNETH L. PEREGO, III
and WENDY PEREGO

NINTH JUDICIAL DISTRICT COURT

**VERSUS**

PARISH OF RAPIDES

ACADIA HEALTHCARE d/b/a
LONGLEAF HOSPITAL

STATE OF LOUISIANA

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes KENNETH L. PEREGO, II individually and as the natural tutor of his minor son, KENNETH L. PEREGO, III and WENDY PEREGO (hereinafter also referred to as "Plaintiffs"), both residents of the full age of majority of Rapides Parish, State of Louisiana, who respectfully represent as follows:

1.

The defendant in this action is ACADIA HEALTHCARE COMPANY, INC. ("ACADIA"), a foreign corporation situated and having its principal office in Franklin, Tennessee and doing business in Alexandria, Louisiana as Longleaf Hospital.

2.

Jurisdiction is appropriate in this Court pursuant to Louisiana Code of Civil Procedure article 6 and La. R.S. 13:3471(1).

3.

Venue is appropriate in this Court pursuant to Louisiana Code of Civil Procedure article 42(5).

4.

Acadia is justly and truly liable and indebted to Plaintiffs for damages, injuries and losses they each sustained, together with legal interest from the date of judicial demand and all costs of these proceedings, for the incidents which occurred at Longleaf Hospital as described herein.

5.

Longleaf Hospital is an inpatient treatment center for individuals with behavioral and mental health issues.

6.

Upon information and belief, Longleaf is not a qualified healthcare provider subject to the Louisiana Medical Malpractice Act, La. R.S. 40:1231.1, *et seq.*

7.

On October 2, 2015, KENNETH L. PEREGO, III ("Kenny") was admitted on a Physician's Emergency Certificate ("PEC") to Longleaf Hospital. The PEC stated that Kenny was suicidal and dangerous to himself.

8.

In addition to the PEC, during the patient admission process, the intake coordinator at Longleaf, believed to be Tanya Coffey, was advised that Kenny was anxious, suicidal and dangerous to himself.

9.

On the day of his admission and while in the care and supervision of Longleaf, despite the known suicide risk, Kenny was left in a room with more than 30 other juveniles, all believed to have defiance and/or opposition disorders, with little or no supervision from the Longleaf staff. During that time, Kenny became extremely anxious and upset and feared imminent death.

10.

Afraid, Kenny called his parents, Kenneth and Wendy Perego, in distress and repeatedly emphasized that he feared for his life.

11.

Concerned for Kenny's life, Kenneth and Wendy drove to Longleaf where they were not allowed to see or talk to their son. They were informed by the employee working at the front desk, whose name is unknown, that they would have to leave and call the facility in order to speak to a Longleaf employee about their son.

12.

As instructed, Kenneth then called the hospital and spoke to a nurse, believed to be Karis Reeves, who agreed to meet Kenneth and Wendy in person. She assured the Peregos that Kenny was safe and properly supervised.

13.

After his parents' departure, despite the assurances and the known suicide risk, Kenny was left in a room alone and unsupervised where he hung himself from television cables in the room.

14.

Longleaf, including its employees who were acting in the course and scope of their employment, had a duty to properly supervise and protect Kenny who was in their custody and a known suicide risk. Its failure to do so was a breach of that duty.

15.

In accordance with Louisiana Civil Code article 2320, Acadia (d/b/a Longleaf) is responsible for the damages occasioned by the actions and/or inactions of its employees.

16.

As a direct and proximate result of Longleaf's negligence, willful or wanton negligence, carelessness, recklessness and/or gross misconduct, Kenny hung himself and thereby incurred significant brain injury.

17.

In accordance with Louisiana Civil Code article 2315, Kenny is entitled to an award for pain, agony and suffering, mental and emotional anguish and distress, loss of enjoyment of life, loss of earnings, loss of earning capacity, and past, present and future medical and psychiatric treatment, specialized education and all other category(ies) of damages recoverable under Louisiana Civil Code article 2315, plus legal interest in amounts which shall be proven at trial.

18.

As a direct and proximate result of the above described negligence, willful or wanton negligence, carelessness, recklessness and/or gross misconduct of Longleaf, Kenneth Perego, II has sustained damages for past, present and future loss of support, consortium, service, society, companionship, felicity, security, aid, assistance, affection and love of his son as well as mental anguish, grief, distress, and any and all other category(ies) of damages recoverable pursuant to Louisiana Civil Code article 2315, plus legal interest in amounts which shall be proven at trial.

19.

As a direct and proximate result of the above described negligence, willful or wanton negligence, carelessness, recklessness and/or gross misconduct, Wendy Perego has sustained

damages for past, present and future loss of support, consortium, service, society, companionship, felicity, security, aid, assistance, affection and love of her son as well as mental anguish, grief and distress, and any and all other category(ies) of damages recoverable pursuant to Louisiana Civil Code article 2315, plus legal interest in amounts which shall be proven at trial.

WHEREFORE, Plaintiffs, Kenneth Perego, II, Wendy Perego and Kenneth Perego, III, respectfully pray as follows:

a) That a copy of this Petition be served on Defendant, Acadia Healthcare Company, Inc.;

b) That said Defendant be cited to appear and answer the same;

c) That after all due proceedings are had, there be a judgment rendered against Defendant in favor of Plaintiffs, in the amount to be determined by the trier of fact, which will fully compensate Plaintiffs for all damages suffered by them, together with legal interest from date of judicial demand, and all costs of these proceedings;

d) That this Honorable Court afford Plaintiffs all general and equitable relief as is necessary to fully compensate them herein; and

f) A trial by jury on all issues.

Respectfully submitted,

FAIRCLOTH, MELTON & SOBEL, LLC

By: _____
Jimmy R. Faircloth, Jr.          La. Bar Roll #20645
jfaircloth@fairclothlaw.com
Brook L. Villa                   La. Bar Roll #31988
bvilla@fairclothlaw.com
Lauren Stokes Laborde            La. Bar Roll #32180
llaborde@fairclothlaw.com
105 Yorktown Drive
Alexandria, LA 71303
Phone (318) 619-7755
Fax (318) 619-7744



**PLEASE SERVE:**

ACADIA HEALTHCARE COMPANY, INC.,
D/B/A LONGLEAF HOSPITAL
44 Versailles Blvd.
Alexandria, LA 71303

CIVIL SUIT NO. 255,105
DIVISION B

KENNETH L. PEREGO, II, individually
and on behalf of his minor son,
KENNETH L. PEREGO, III
and WENDY PEREGO

NINTH JUDICIAL DISTRICT COURT

**VERSUS**

PARISH OF RAPIDES

ACADIA HEALTHCARE d/b/a
LONGLEAF HOSPITAL

STATE OF LOUISIANA

## VERIFICATION

STATE OF LOUISIANA

PARISH OF RAPIDES

BEFORE ME, the undersigned Notary Public, duly commissioned and qualified in this state and parish, personally appeared:

**KENNETH L. PEREGO, II**

who after being duly sworn, did depose and state that he is a Petitioner in the above and foregoing numbered and entitled cause, that he read the same, and that all of the allegations contained therein are true and correct to the best of his knowledge, information, and belief.

_____
KENNETH L. PEREGO, II

SWORN TO AND SUBSCRIBED before me this 26th day of April, 2016, at Alexandria, Louisiana.

_____
NOTARY PUBLIC

LAUREN STOKES LABORDE
NOTARY PUBLIC
STATE OF LOUISIANA
NOTARY ID # 88613
My Commission is issued for Life

CIVIL SUIT NO. 255,705
DIVISION B

KENNETH L. PEREGO, II, individually
and on behalf of his minor son,
KENNETH L. PEREGO, III
and WENDY PEREGO

NINTH JUDICIAL DISTRICT COURT

VERSUS

PARISH OF RAPIDES

ACADIA HEALTHCARE d/b/a
LONGLEAF HOSPITAL

STATE OF LOUISIANA

STATE OF LOUISIANA

**VERIFICATION**

PARISH OF RAPIDES

BEFORE ME, the undersigned Notary Public, duly commissioned and qualified in this state and parish, personally appeared:

**WENDY PEREGO**

who after being duly sworn, did depose and state that she is a Petitioner in the above and foregoing numbered and entitled cause, that she read the same, and that all of the allegations contained therein are true and correct to the best of her knowledge, information, and belief.

_____
WENDY PEREGO

SWORN TO AND SUBSCRIBED before me this 26th day of April, 2016, at Alexandria, Louisiana.

_____
NOTARY PUBLIC

LAUREN STOKES LABORDE
NOTARY PUBLIC
STATE OF LOUISIANA
NOTARY ID # 88613
My Commission is issued for Life

CIVIL SUIT NO. 255,705
DIVISION B

KENNETH L. PEREGO, II, individually
and on behalf of his minor son,
KENNETH L. PEREGO, III
and WENDY PEREGO

NINTH JUDICIAL DISTRICT COURT

VERSUS

PARISH OF RAPIDES

ACADIA HEALTHCARE d/b/a
LONGLEAF HOSPITAL

STATE OF LOUISIANA

## ORDER

CONSIDERING THE FOREGOING REQUEST FOR TRIAL BY JURY,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that this case by tried by jury as to all issues herein, upon Plaintiffs complying with LSA-C.C.P. Articles 1733, 1734 and 1734.1.

IT IS HEREBY FURTHER ORDERED that the jury bond to cover all costs related to trial by jury is hereby fixed in the amount of $ 2500.00, which may be deposited in cash or by bond with good and solvent surety thereof. Said bond is to be posted no later than 60 days prior to trial.

THUS DONE AND SIGNED this 3rd day of May, 2016, in Alexandria, Rapides Parish, LA.

_____
JUDGE, NINTH JUDICIAL DISTRICT COURT,
PARISH OF RAPIDES, STATE OF LOUISIANA

CIVIL SUIT NO. 255,705
DIVISION B

| | |
|---|---|
| KENNETH L. PEREGO, II, individually and on behalf of his minor son, KENNETH L. PEREGO, III and WENDY PEREGO | NINTH JUDICIAL DISTRICT COURT |
| VERSUS | PARISH OF RAPIDES |
| ACADIA HEALTHCARE d/b/a LONGLEAF HOSPITAL | STATE OF LOUISIANA |

### REQUEST FOR NOTICE

Pursuant to Article 1572 of the Louisiana Code of Civil Procedure, it is requested that written notice of the date set for trial of this cause, of this date set for trial of any pleadings or motions therein, be provided to undersigned counsel, at least ten (10) days before any trial date.

It is also requested that notice of signing of any final judgment or of the rendition of any interlocutory order or judgment in this cause be provided to undersigned counsel, as provided by Articles 1913 and 1914 of the Louisiana Code of Civil Procedure.

Respectfully submitted,

FAIRCLOTH, MELTON & SOBEL, LLC

By: _____
Jimmy R. Faircloth, Jr.    La. Bar Roll #20645
jfaircloth@fairclothlaw.com
Brook L. Villa    La. Bar Roll #31988
bvilla@fairclothlaw.com
Lauren Stokes Laborde    La. Bar Roll #32180
llaborde@fairclothlaw.com
105 Yorktown Drive
Alexandria, LA 71303
Phone (318) 619-7755
Fax (318) 619-7744

STATE OF LOUISIANA, PARISH OF RAPIDES
I HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN THIS OFFICE.
ALEXANDRIA, WITNESS MY HAND AND SEAL OF OFFICE, ALEXANDRIA, LOUISIANA, THIS ___ DAY OF _____ A.D., 2016
ROBIN L. HOOTER
BY: _____
DY. CLERK OF COURT