UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENNETH L. PEREGO II, *et al.* | CIVIL ACTION NO. 16-CV-00630 |
| VERSUS | CHIEF JUDGE DRELL |
| CROSSROADS REGIONAL HOSPITAL, L.L.C. OF LOUISIANA, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## *SUA SPONTE* JURISDICTIONAL REVIEW FINDINGS

Before the Court is a Complaint that was removed from a Louisiana state court by Defendants Crossroads Regional Hospital, L.L.C. of Louisiana d/b/a Longleaf Hospital and Acadia Healthcare Company, Inc., who premise federal jurisdiction on diversity of citizenship.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (internal citation and quotation omitted). Further, "when jurisdiction depends on citizenship, citizenship must be *distinctly* and *affirmatively* alleged." Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988).

The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. Acridge v. Evangelical Lutheran Good

Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp., 757 F.3d 481, 483 (5th Cir. 2014). The citizenship of an LLC is determined by the citizenship of all its members. Harvey, 542 F.3d at 1079-80.

Although the issue of jurisdiction has not been contested by either party, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). This duty persists throughout all phases of the litigation, "even after trial and the entry of final judgment." Id. at 506-07.

Plaintiffs Kenneth Perego III, Kennth L. Perego II, individually and on behalf of Kenneth Perego III, and Wendy Perego are citizens of Louisiana.

Defendant Crossroads Regional Hospital, L.L.C. of Louisiana d/b/a Longleaf Hospital, is a Delaware limited liability company with its principal place of business in Tennessee. Defendant shows that its sole member is Acadia Healthcare Company, Inc., a foreign (non-Louisiana) corporation with its principal place of business in Tennessee (Doc. 1). At the time the suit was removed, Acadia Healthcare Company, Inc. was also a named defendant, but Crossroads Regional Hospital was later substituted for Acadia Healthcare (Doc. 7).

Therefore, diversity of citizenship is clear from the pleadings.

Accordingly, diversity of citizenship is established on the face of the pleadings. No further action is necessary at this time.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 11th day of April, 2017.

                                                    Joseph H.L. Perez-Montes
                                                    United States Magistrate Judge