U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR - 1 2018

TONY R. MOORE, CLERK
BY: _____
      DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

---

| | |
|---|---|
| KENNETH L. PEREGO II, individually and on behalf of his minor son, KENNETH L. PEREGO III and WENDY PEREGO | CIVIL ACTION 1:16-CV-00630 |
| VERSUS | |
| CROSSROADS REGIONAL HOSPITAL, LLC OF LOUISIANA d/b/a LONGLEAF HOSPITAL | JUDGE DEE D. DRELL MAG. JUDGE PEREZ-MONTES |

---

## RULING AND ORDER

This lawsuit arises out of personal injuries sustained by Kenneth L. Perego III (Perego) on October 2, 2015, while admitted to Longleaf Hospital ("Longleaf") on a Physician's Emergency Certificate stating Perego was suicidal and a danger to himself. Specifically, on the date of admission to Longleaf, Perego hung himself and incurred a brain injury.

Longleaf filed a motion for partial summary judgment (Doc. 44) seeking dismissal of Plaintiffs' claims for expenses related to treatment at Menninger, Vista Treatment Center, and Mountain Springs Preparatory Academy as well as claims for medication costs as they were unrelated to the brain injury sustained by Kenny Perego.

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anders on v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting

the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 680 (5th Cir.2011) (internal citations omitted). It is important to note that the standard for summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

Having reviewed the motion, the numerous memoranda in support and opposition, and exhibits attached thereto, we find that there is a genuine issue of material fact as to whether these expenses were incurred as a result of the brain injury sustained on October 2, 2015. The parties themselves argue contrary facts regarding the extent to which the brain injury impacted Perego's well-being post-accident and cite contrary law on the issue of proof, thus illustrating the difficulty this court has in granting summary judgment on this issue. Accordingly, it is hereby

**ORDERED** that Defendant's motion for partial summary judgment (Doc. 44) is hereby **DENIED**.

**SIGNED** this 28th day of February, 2018, at Alexandria, Louisiana.

JUDGE DEE D. DRELL
UNITED STATES DISTRICT COURT